IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| CHRISTINA E. IZZI | : | |
| | : | |
| Debtor | : | Bky. No. 25-13502-DJB |
| | : | |

**UNITED STATES TRUSTEE'S MOTION FOR AN EXTENSION OF TIME TO FILE A MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(b) AND TO FILE A COMPLAINT SEEKING DENIAL OF DISCHARGE**

The U. S. trustee for Region 3 (the "U. S. trustee"), by and through his counsel, in furtherance of the administrative responsibilities imposed under 28 U.S.C. § 586(a), hereby moves under 11 U.S.C. § 105 and Fed.R.Bank.P. 1017(e)(1) and 4004(b) for the entry of an order extending the time to file a motion to dismiss pursuant to 11 U.S.C. § 707(b) and/or file a complaint seeking denial of discharge. In support of his motion, the U. S. trustee represents as follows:

1. The Debtor commenced this case on September 3, 2025, by filing a petition under Chapter 7 of the United States Bankruptcy Code.

2. The § 341 (a) Meeting of Creditors (the "Meeting") was originally scheduled for scheduled for October 6, 2025, making the last day to file a Motion to Dismiss or Objection to the Debtor's discharge December 5, 2025.

3. The Debtor failed to appear at the Meeting of Creditors on October 6th. The Meeting was continued to October 20th. The Meeting was held on this date.

4. Based on newly discovered information the U. S. trustee is investigating

this case to determine if grounds exist for the dismissal of this case pursuant to Section 707(b) and/or the denial of discharge pursuant to Section 727.

5. Under the circumstances of this case, the U. S. trustee avers that cause exists for the extension of the deadlines to file a motion to dismiss under 11 U.S.C. § 707(b) and/or to file a complaint seeking denial of a discharge pursuant to 11 U.S.C. § 727.

6. Pursuant to Fed.R.Bankr.P. 1017(e)(1), a motion to dismiss pursuant to 11 U.S.C. § 707(b) must be filed within sixty days of the first scheduled date for the Meeting of Creditors pursuant to 11 U.S.C. § 341(a), unless, prior to the expiration of this time, a motion is filed to extend the time to file such motion.

7. Pursuant to Fed.R.Bankr.P. 4004, the Debtor will also automatically be granted a discharge upon the expiration of the period for filing a complaint objecting to discharge unless an extension is granted pursuant to Fed.R.Bankr.P. 4004(b).

8. As set forth above, the Office of the U. S. trustee is currently investigating this case to determine whether sufficient cause exists to file a motion to dismiss pursuant to Section 707(b) or a complaint objecting to discharge. Accordingly, an extension to February 6, 2026 is necessary to complete the investigation.

[INTENTIONALLY LEFT BLANK]

For the reasons set forth above, among others, the U. S. trustee respectfully requests that the Court conduct a hearing on the above issues and enter an order extending the time for filing a motion to dismiss pursuant to 11 U.S.C. § 707(b) and a complaint objecting to discharge to February 6, 2026.  The U. S. trustee specifically reserves the right to supplement his motion at or prior to the hearing thereon.

DATED this 5th day of December, 2025.

                    ANDREW R. VARA
                    United States trustee for Regions 3 & 9

By: */s/ John Schanne*
    John Schanne
    Trial Attorney
    Office of the U.S. Trustee
    Robert N.C. Nix Sr. Federal Bldg.
    900 Market Street, Suite 320
    Philadelphia, PA 19107
    (215) 597-4411